CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

JUN 01 2020

JULIA C. DUDLEY, CLERK
BY:  s/ H. MCDONALD
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| MICHAEL E., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:18cv00047 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | By: Hon. Jackson L. Kiser |
| SECURITY ADMINISTRATION, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R&R") of the United States

Magistrate Judge recommending that I grant the Commissioner's Motion for Summary

Judgment [ECF No. 18], deny Plaintiff's Motion to Summary Judgment [ECF No. 14], and

affirm the Commissioner's decision. The R&R was filed on March 16, 2020 [ECF No. 20],

and Plaintiff filed his Objection on March 30 [ECF No. 21]. The Commissioner responded

on April 14 [ECF No. 22], so the matter is now ripe for review. See Fed. R. Civ. P. 72(b).

After careful review and consideration, and for the reasons stated below, I will overrule

Plaintiff's Objection and grant the Commissioner's Motion for Summary Judgment.

## I.   STATEMENT OF FACTS AND PROCEDURAL HISTORY

On October 3, 2013, Plaintiff Michael E. ("Plaintiff") filed an application for

disability and disability insurance benefits pursuant to Title II of the Social Security Act ("the

Act"), as well as an application for supplemental security income pursuant to Title XVI of

the Act.. See 42 U.S.C. §§ 401–33; 1381–1383f (2018). In his applications, Plaintiff alleged

that he had been disabled since August 15, 2011, due to a combination of blindness in his

left eye, vision loss in his right eye, headaches, hypertension, difficulty interacting and being around others, and "[s]tatus post surgery for retinal detachment". (See, e.g., R. 174–75; 183–84.) The Commissioner denied Plaintiff's claims initially on June 13, 2014 (R. 174–91), and again upon reconsideration in January of 2015 (R. 194–215).

Plaintiff requested a hearing before an Administrative Law Judge and on June 14, 2017, Plaintiff appeared with his attorney before Administrative Law Judge Edward L. Brady ("the ALJ"). (R. 86–115.) Both Plaintiff and a vocational expert ("VE"), Josephine Doherty, testified. (Id.) In a written decision dated August 31, 2017, the ALJ determined that Plaintiff was not disabled within the meaning of the Act. (See generally R. 73–82.) The ALJ found that Plaintiff suffered from "left eye pain and blindness and degenerative disc disease of the spine," which qualified as severe impairments. (R. 76 (citing 20 C.F.R. §§ 404.1520(c), 416.920(c).) The ALJ also found Plaintiff did not have an impairment or combination or impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 76–77 (citing 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 & 416.926).)

After consideration of the record, the ALJ concluded that Plaintiff has the residual functional capacity ("RFC") to perform "a range of medium work on a sustained and continuing basis despite the limitations resulting from his impairments." (R. 77.) The ALJ limited Plaintiff to "medium work as defined in 20 CFR 404.1567(c) and 41.967(c) while avoiding dangerous conditions and machinery and not being required to operate motorized vehicles . . . [and] avoid[ing] outside work to avoid exposure to continuous or frequent sunlight." (Id.) The ALJ concluded that, based on his determination of Plaintiff's RFC,

Plaintiff could not perform his past relevant work. (R. 80 (citing 20 C.F.R. §§ 404.1565 & 416.965.) The ALJ did find that, at the time of his disability onset date, Plaintiff was an individual closely approaching advanced age, and that he could perform jobs that exist in the national economy, such as hand packager, laundry worker, or janitor. (R. 80–81.) Accordingly, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. 82.) The Appeals Council considered Plaintiff's reasons for setting aside the ALJ's decision, but ultimately determined that his reasons did not provide a basis to change the decision. (R. 1–4.) The decision of the ALJ became the final decision of the Commissioner on June 6, 2018. (Id.)

On August 4, 2018, Plaintiff filed suit in this court to challenge the final decision of the Commissioner. (Compl. [ECF No. 2].) Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to the United States Magistrate Judge for consideration. On February 22, 2019, Plaintiff filed a Motion for Summary Judgment [ECF No. 14], and the Commissioner filed a Motion for Summary Judgment on April 24 [ECF No. 18]. On March 16, 2020, Judge Hoppe filed a Report and Recommendation ("R&R"), recommending that I grant the Commissioner's motion for summary judgment and affirm the decision of the Commissioner. (R&R, Mar. 16, 2020 [ECF No. 20].) Plaintiff filed a timely objection on March 30 (Pl.'s Obj., Mar. 30, 2020 [ECF No. 21]), and the Commissioner responded on April 14 (Comm'r Response to Pl.'s Obj., Apr. 14, 2020 [ECF No. 22]. Accordingly, this matter is now ripe for review.

## II.    STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. See 42 U.S.C. § 405(g) (2014); Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545 (2014); see Shively v. Heckler, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2014). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. See id. §§ 404.1527(e), 416.927(e); Walker v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. Laws, 368 F.2d at 642. In reviewing the evidence, I may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [my] judgment for

that of the Secretary," <u>Mastro</u>, 270 F.3d at 176 (quoting <u>Craig</u>, 76 F.3d at 589), or the

secretary's designate, the ALJ, <u>Craig</u>, 76 F.3d at 589 (quoting <u>Walker</u>, 834 F.2d at 640).

### III.   DISCUSSION

Plaintiff contends the ALJ erred in not conduction a function-by-function analysis

prior to arriving as a conclusion as to his residual functional capacity ("RFC"), to wit, that he

could perform medium work with some limitations.

To be sure, the ALJ failed to perform a function-by-function analysis. Social Security

Ruling 96-8p, "which explains how adjudicators should assess residual functional capacity,"

<u>Mascio v. Colvin</u>, 780 F.3d 632, 636 (4th Cir. 2015), instructs that the RFC "assessment

must first identify the individual's functional limitations or restrictions and assess his or her

work-related abilities on a function-by-function basis, including the functions" listed in the

limitations. SSR 96-8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996). "Only after that may RFC

be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and

very heavy." <u>Id.</u> "The Ruling further explains that the [RFC] 'assessment must include a

narrative discussion describing how the evidence supports each conclusion, citing specific

medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities,

observations).'" <u>Mascio</u>, 780 F.3d at 636 (quoting SSR 96-8p).

The Fourth Circuit has declined to adopt a *per se* rule requiring remand when an ALJ

fails, as he did here, to conduct a function-by-function analysis. <u>See id.</u> This is so because

remand "would prove futile in cases where the ALJ does not discuss functions that are

'irrelevant or uncontested.'" <u>Id.</u> The appeals court instead adopted the rule that "[r]emand

may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant

functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Id. (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (6th Cir. 2013) (per curiam)).

This is a case where remand is not appropriate because Plaintiff has failed to point to "contradictory evidence in the record." In his objection, Plaintiff cites to his "back and eye pain" as issues not considered by the ALJ. First, the ALJ plainly considered Plaintiff's left eye pain: he expressly found that it was a "severe impairment." (R. 76.) As to his back pain, the ALJ discussed his allegations but found his testimony unpersuasive. For example, the ALJ expressly noted that Plaintiff "testified that he has not attempted physical therapy and only takes Ibuprofen or Aleve for his pain." (R. 78.) The ALJ also noted that Plaintiff "alleges he can sit and stand for quite some time although he is off balance while standing due to his vision." (Id.) Although Plaintiff testified that he lays down for most of the day, in the face of his own testimony that he *can* stand for quite some time, there is no evidence to establish that Plaintiff lies down because he *must* as a result of back pain.[1] Plaintiff has not pointed to any evidence, let alone evidence not considered by the ALJ, to suggest that Plaintiff's back pain imposed any additional limitations on his RFC. In fact, the ALJ expressly included Dr. Feng's conclusion that Plaintiff's back pain was due to Plaintiff's "active lifestyle and regular exercise." (R. 78.) Thus, although the ALJ failed to conduct a function-by-function analysis, Plaintiff has failed to identify any contradictory evidence, and remand would be futile.

---

[1] In fact, Plaintiff testified at the hearing that he lays down because it is "more comfortable," and sometimes simply out of "boredom." (R. 108.)

Plaintiff next argues that the ALJ failed to make specific findings about whether Plaintiff's back and eye pain would compel him to take rest breaks throughout the day. I disagree. The ALJ expressly noted that Plaintiff's eye pain "comes and goes with sun, fluorescent light and television affecting his pain." As evidenced by the ALJ's express limitation that Plaintiff avoid exposure to sunlight (R. 77, 112), it is clear he considered this evidence and accounted for it in the RFC determination.[2] As to back pain, again, the ALJ expressly noted Plaintiff's conservative treatment (which Plaintiff occasionally rejected), and as stated before, the is no evidence in the record that Plaintiff takes breaks *because* of his back pain. See supra n.1. Moreover, Plaintiff testified that his back pain is "not a monthly thing" (R. 103), further establishing a lack of contradictory evidence in the record on this point.

In his final argument,[3] Plaintiff contends the ALJ failed to consider that he gets off-balance when he stands for long periods of time. Again, he has failed to point to contradictory evidence in the record on this point. In his testimony, when asked by his attorney whether he had dizzy spells, he responded "[v]ery rarely," and noted that such spells occurred when he did not take his blood pressure pills. (R. 109.) Plaintiff has failed to point to any other evidence in the record to substantiate and inability to stand, consistent with the determined RFC, meaning that remand is not appropriate.

---

[2] Plaintiff testified that he does not get eye pain if he is inside, unless he looks at "a lot of TV." (R. 100.)

[3] Plaintiff's arguments are interrelated and often repetitive. Repackaged arguments already addressed need not be considered a second time. Moreover, Plaintiff's counsel has a repeated history of simply repackaging her summary judgment brief as an objection, which she has done here, making referral to the magistrate useless and a waste of resources. See, e.g., Veney v. Astrue, 539 F. Supp. 2d 841, 845–46 (W.D. Va. 2008) (quoting Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991)); see also Norman v. Berryhill, No. 4:17cv00019, 2018 WL 5848989, at *3 (W.D. Va. Nov. 8, 2018) She has been repeatedly reprimanded for this practice, but continues in it unabated.

## IV.    CONCLUSION

The ALJ's failure to perform a function-by-function analysis was error but, under the prevailing rule set forth in <u>Mascio</u>, remand is not warranted. The R&R will be adopted, and the Commissioner's motion for summary judgment will be granted.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record as well as to Magistrate Judge Hoppe.

**ENTERED** this 1st day of June, 2020.

SENIOR UNITED STATES DISTRICT JUDGE